United States District Court
Southern District of Texas
**ENTERED**
December 22, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | CRIMINAL ACTION NO. 1:21-CR-00384 |
| § | |
| REFUGIO JIMENEZ-GUZMAN § | |

## ORDER AND OPINION

Defendant Refugio Jimenez-Guzman requests that the Court reduce his sentence and order his release due to his underlying medical condition that renders him susceptible to the more serious consequences of COVID. Jimenez also contends that his criminal history and the nature of his crime warrant a reduction of his sentence. (Motion, Doc. 48, 2–5) Based on the record and the applicable law, the Court concludes that Jimenez has not demonstrated that extraordinary and compelling reasons support a reduction of his sentence.

**I**

In November 2021, the Court sentenced Jimenez to 41 months in the Bureau of Prisons and 2 years of supervised release after he pled guilty to the crime of Alien Unlawfully Found in the United States after Deportation, in violation of 8 U.S.C. §§ 1326(a) and (b)(1). (Judgment, Doc. 35, 1–3)

Jimenez is currently serving his sentence at the Federal Correctional Institute in Sandstone, Minnesota. (Motion, Doc. 48, 11)

**II**

The First Step Act permits defendants to present a request for a reduction of sentence directly to the courts under 18 U.S.C. § 3582(c)(1). The statute contains specific requirements for submitting direct petitions. The defendant must either first "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or wait for "the lapse of 30 days from the receipt of such a request by the warden of the defendant's

facility." *Id.* at § 3582(c)(1)(A). In the latter scenario, the defendant need not exhaust available administrative remedies.

Jimenez has met the requirements of Section 3582(c)(1)(A). The record shows that Jimenez submitted his request for relief to Warden M.J. Lejeune at the Federal Correctional Institute in Sandstone, Minnesota. On September 2, 2022, the Warden denied Jimenez's request. (Warden's Resp., Doc. 49, 3) As more than thirty days have lapsed since Jimenez submitted the request, he has satisfied the threshold requirements of Section 3582(c)(1)(A).

### III

A court may reduce a defendant's sentence based on the factors set forth in 18 U.S.C. § 3553(a) if the court finds that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission". 18 U.S.C. § 3582(c)(1)(A)(i). No applicable policy statements exist, as the Sentencing Commission has not promulgated any policy statement in response to the First Step Act, and the policy statement within Section 1B1.13 of the United States Sentencing Guidelines applies only when the Director of the Bureau of Prisons has presented a motion under Section 3582. *See United States v. Shkambi*, 993 F.3d 388, 392–93 (5th Cir. 2021). As a result, the Court is bound only by Section 3582(c)(1)(A) and the sentencing factors in Section 3553(a). *Id.* at 393. The Court considers these factors to determine whether "extraordinary and compelling reasons warrant" a reduction of the defendant's sentence.

In support of his request, Jimenez states that he suffers from a congenital heart condition that "requires proper medical care that is not available to him if incarcerated." (Motion, Doc. 48, 3) Jimenez also contends that his cardiac condition renders him particularly susceptible to the more serious effects of COVID-19.

The medical records Jimenez attaches to his Motion indicate that he has suffered from cardiac conditions since childhood. (Medical Record, Doc. 49, 4) But he has not demonstrated that the BOP cannot provide adequate medical care. Nor has he shown that the BOP cannot take

reasonable measures to protect him from contracting COVID-19, or to provide him with adequate medical care were he to contract COVID-19.

In his Motion, Jimenez also argues that his criminal history and the nature of his crime (violation of 8 U.S.C. § 1326) warrant a reduction of his sentence. (Motion, Doc. 48, 4–8) The Court interprets this as an argument that his originally-imposed sentence was excessive. But the Fifth Circuit has affirmed the sentence and dismissed his appeal as frivolous. (USCA Judgment, Doc. 46, 1) Jimenez presents no compelling argument demonstrating that his sentence was excessive.

Based on the record before the Court, Jimenez has not demonstrated that the factors governing requests under Section 3582(c)(1) weigh in favor of the relief he seeks.

Accordingly, it is:

**ORDERED** that the Motion Requesting Modification of Sentence Pursuant to 18 U.S.C. § 3852(c)(1)(A) (Doc. 48) is **DENIED**.

Signed on December 22, 2022.

_____
Fernando Rodriguez, Jr.
United States District Judge